UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

CHARLES D. WARREN,

                Plaintiff,

  -against-

CITY OF NEW YORK DEPARTMENT OF
CORRECTION MEDICAL STAFF, CITY
OF NEW YORK FDNY EMT EMERGENCY
AMBULANCE PERSONAL, JOHN DOE,
Head Medical Doctor; JANE DOE #1, FDNY
EMT Ambulance Emergency Response;
JANE DOE #2, FDNY EMT Ambulance
Emergency Response; LINDA ROGERS, M.D.,
Bellevue Hospital and MATHEW LEE, M.D.,
Bellevue Hospital,

                Defendants.[1]
-----------------------------------------------------------X

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
17-CV-1125 (PKC) (LB)

PAMELA K. CHEN, United States District Judge:

On February 22, 2017, Plaintiff Charles D. Warren, currently incarcerated at Attica Correctional Facility, filed this *pro se* action against Defendants pursuant to 42 U.S.C. § 1983. The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). The Complaint is dismissed in part as set forth below.

## BACKGROUND

Plaintiff alleges that on April 28, 2014, while incarcerated on Rikers Island, a physician identified in the complaint as "John Doe, Head Medical Doctor" denied him adequate medical

---

[1] Contrary to Plaintiff's caption, he provides a list of five individual defendants in the Complaint. (*See* Complaint ("Compl."), Dkt. 1, at ECF 2-3.) Citations to "ECF" refer to the pagination generated by the Court's electronic docketing system, and not the document's internal pagination.

1

treatment for an asthma attack and then later refused to treat him for a second asthma attack on the same day. (Compl. at ECF 4-5, 7.) Plaintiff waited for the next shift doctor who provided further medical care. Plaintiff's condition did not improve and the second doctor called 911. (*Id.* at 7.)

An ambulance, staffed with two female emergency medical technicians ("EMTs") from the New York City Fire Department ("FDNY") arrived to take defendant to the hospital. (*Id.*) While en route to the hospital, Plaintiff alleges that the EMTs injected him with a steroid that caused a severe allergic reaction and that he stopped breathing and "died." (*Id.*) Plaintiff was taken to Elmhurst Hospital where he was treated by Dr. Linda Rogers and placed in the intensive care unit. (*Id.*) Later, he was transferred to Bellevue Hospital, from which he was discharged on May 2, 2014. (*Id.* at 7, 9, 10.) He seeks damages of $100 million for his claims. (*Id.* at 12.)

## STANDARD OF REVIEW

In reviewing the Complaint, the Court is mindful that Plaintiff is proceeding *pro se* and that his pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *accord Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). A complaint, however, must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.*

Nonetheless, the Court must screen civil complaints brought by prisoners against a governmental entity or its agents, and dismiss the complaint or any portion of the complaint that is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. §

1915A(a) & (b)(1); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Similarly, pursuant to the *in forma pauperis* statute, the Court must dismiss the action for the same reasons or if the plaintiff "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court should generally not dismiss a *pro se* complaint without granting the plaintiff leave to amend if a valid claim could be stated. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## **DISCUSSION**

As a prerequisite to a damage award under 42 U.S.C. § 1983, a plaintiff must allege the defendant's direct or personal involvement in the alleged constitutional deprivation. "'It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" *Farid v. Ellen,* 593 F.3d 233, 249 (2d Cir. 2010) (quoting *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006); *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995). Here, Plaintiff does not allege the personal involvement of Dr. Linda Rogers or Dr. Matthew Lee. Plaintiff's sole allegation against Dr. Rogers is that she provided medical treatment at Elmhurst Hospital, and Plaintiff does not allege that Dr. Rogers violated his constitutional rights. Nor does Plaintiff allege that Dr. Lee violated his constitutional rights. Plaintiff only attaches to the Complaint a Discharge Summary, dated May 2, 2014, from Bellevue Hospital that was written by Dr. Matthew Lee. (Compl. at ECF 10.) A § 1983 claim that does not allege the personal involvement of a defendant fails as a matter of law. *See Johnson v. Barney*, 360 F. App'x 199, 201 (2d Cir. 2010) (summary order). Therefore, the claims against Drs. Linda Rogers and Matthew Lee are dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B).

Furthermore, Plaintiff's negligence claim against FDNY EMT Jane Doe #1 and FDNY EMT Jane Doe #2 fails to state a federal claim. Merely negligent conduct causing unintended loss

3

or injury to life, liberty or property is not sufficient to state a claim under the Due Process Clause or any other provision of federal law. *Daniels v. Williams*, 474 U.S. 327, 333 (1986) (due process protections not triggered by lack of due care by state officials); *Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986) (although official's negligence led to serious injury, Constitution does not provide a due process right to compensate injury arising from negligence). Because the named FDNY EMTs are New York City employees, in order to proceed on this common law negligence claim under the Court's supplemental jurisdiction, *see* 28 U.S.C. § 1367, Plaintiff must show that he filed a timely notice of claim, as required by New York law, against the EMTs.[2] The Complaint makes no mention of Plaintiff having done so. Accordingly, Plaintiff's negligence claim against FDNY EMT Jane Doe #1 and FDNY EMT Jane Doe #2 is dismissed.

## CONCLUSION

The Complaint, filed *in forma pauperis*, is dismissed as to Drs. Linda Rogers and Matthew Lee pursuant to 28 U.S.C. § 1915(e)(2)(B), and also as to FDNY EMT Jane Doe #1 and FDNY EMT Jane Doe #2. No summons shall issue as to these Defendants.

Plaintiff is granted leave to amend his Complaint with respect to these Defendants. Any amended complaint must be filed within amended complaint within thirty (30) days of this Memorandum & Order. With respect to FDNY EMT Jane Doe #1 and FDNY EMT Jane Doe #2, if Plaintiff did file a timely notice of claim against them, he must state that fact in the amended

---

[2] "Under New York law, a notice of claim is a condition precedent to bringing certain tort actions against a municipality such as the City for damages sustained by reason of the negligence or wrongful act of the municipality or its officers, agents, or employees." *Matthews v. City of New York*, No. 15-CV-2311 (ALC), 2016 WL 5793414, at *10 (S.D.N.Y. Sept. 30, 2016) (citations omitted); *see also* N.Y. Gen. Mun. Law § 50-i. "Generally, 'in a federal court, state notice-of-claim statutes apply to state-law claims.'" *Matthews*, 2016 WL 5793414, at *10 (citation omitted). A notice of claim must be filed "within ninety days after the claim arises" and must include "the nature of the claim" and "the time when, the place where and the manner in which the claim arose." N.Y. Gen. Mun. Law § 50-e.

complaint and also attach a copy of the notice of claim to the amended complaint. Failure to attach a timely notice of claim, if one exists, will lead to the dismissal of the negligence claim with prejudice.

Further, Plaintiff's application for *pro bono* counsel is denied. There is no right to counsel in a civil case. *Martin-Trigona v. Lavien*, 737 F.2d 1254, 1260 (2d Cir. 1984). The court cannot compel an attorney to represent a litigant in a civil case without a fee. While the court may request a volunteer attorney for a particular case, there must be a threshold showing that the plaintiff's claims are likely to be of substance. At this stage in the litigation, Plaintiff has not met this threshold requirement. Accordingly, this request for *pro bono* counsel is denied without prejudice.

Plaintiff's claims against Dr. John Doe, Head Medical Doctor, employed at the Anna M. Kross Center ("AMKC") on April 28, 2014, who allegedly denied him medical treatment, shall proceed. The United States Marshals Service, however, will not be able to serve Dr. John Doe without further identifying information. The problem encountered by Plaintiff is a common one as it is frequently difficult for an incarcerated *pro se* litigant to identify individual prison or law enforcement officials. In *Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997) (*per curiam*), the Second Circuit made clear that a *pro se* litigant is entitled to assistance from the district court in identifying unnamed prison or law enforcement defendants.

Accordingly, the Court hereby requests that Corporation Counsel for the City of New York ascertain the full name of Dr. John Doe, who was employed at AMKC on April 28, 2014, and who allegedly was involved in the denial of Plaintiff's request for medical care. The Corporation Counsel's Office need not undertake to defend or indemnify this individual at this juncture. This Order merely provides a means by which Plaintiff may name and properly serve Defendant John Doe, Head Medical Doctor as instructed by the Second Circuit in *Valentin*. Once this information

is provided, Plaintiff's Complaint shall be deemed amended to reflect the full name of the unnamed doctor, an amended summons shall be issued, and the Court shall direct service on this defendant.

The Clerk of Court is respectfully directed to serve a copy of this Order, a copy of the Complaint, a copy of the *in forma pauperis* application, and a copy of the Docket on the Corporation Counsel for the City of New York, Special Federal Litigation Division. The Clerk of Court is also respectfully directed to mail a copy of this Order on Plaintiff. This case is respectfully referred to the Honorable Lois Bloom, United States Magistrate Judge, for pretrial supervision.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

/s/ Pamela K. Chen
Pamela K. Chen
United States District Judge

Dated: May 19, 2017
　　　　Brooklyn, New York